UNITED STATES of America, Plaintiff–Appellee,

v.

Spencer Louis SAWYER, Defendant–Appellant.

No. 00–10063.

D.C. No. CR 97–00202–1–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2001.

Decided March 1, 2001.

---

Before GOODWIN, GRABER, and PAEZ Circuit Judges.

## MEMORANDUM *

Spencer Sawyer appeals his conviction under 18 U.S.C. § 2113(a) and (d) and § 924(c) for conspiracy, bank robbery, and firearms charges. Sawyer contends that the district court erred in admitting a taped conversation between himself and other co-conspirators, and erred in displaying a transcript of the conversation to the jury. He also argues that his sentence of 1015 months, which reflects mandatory minimum terms for firearms charges, violates the Eighth Amendment. Finally, Sawyer argues that the district court erred in applying sentencing enhancements pursuant to U.S.S.G. § 2B3.1(b)(4)(B) for physical restraint of a victim.

Sawyer was a member of a bank robbery gang that conducted a series of robberies of federally insured banks in Sacramento between November 30, 1996, and March 15, 1997. Although Sawyer was not physically present in any of the robbed banks, he was the "mastermind" behind the robberies, giving direction to the other members of the gang and providing the outfits and guns that they used.

On October 24–25, 1999, the jury returned a guilty verdict on all nine counts in the Indictment. Sawyer was sentenced to a total of 1015 months in custody. The sentence was based on findings that included "physical restraint" of a victim warranting a two-level upward adjustment on Counts Two and Four. *See* U.S.S.G. § 2B3.1(b)(4)(B).

During the district court proceedings, the court denied Sawyer's motion to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

exclude evidence concerning a March 28, 1997, transmitter recording. The recording contained a wire-tapped conversation among Nathaniel Washington, a co-conspirator who agreed to cooperate with the FBI, Sawyer, and two other co-conspirators. Sawyer's comments on the tape suggested that he would retaliate against those co-conspirators he suspected of cooperating with the FBI.

▮ The trial court's decision to admit evidence is reviewed for abuse of discretion. *United States v. Hernandez,* 109 F.3d 1450, 1452 (9th Cir.1997). The district court did not commit error when it admitted the taped conversation and permitted display of the transcript to the jury during playback of the tape. The tape was neither so substantially unintelligible that it was unreliable nor overly prejudicial to Sawyer. *See United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996) (" 'A recorded conversation is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy.' " (quoting *United States v. Lane,* 514 F.2d 22, 27 (9th Cir.1975))). Moreover, the identification of the speakers on the tape was reliable, and a proper foundation was laid for its admission. *See United States v. Mouton,* 617 F.2d 1379, 1383 & n. 4 (9th Cir.1980); *United States v. Thomas,* 586 F.2d 123, 132–33 (9th Cir. 1978). Finally, the district court took all necessary precautions to ensure that the transcript of the tape was accurate. *See United States v. Rrapi,* 175 F.3d 742, 746 (9th Cir.1999). In short, none of the arguments against the tape or the transcript advanced by Sawyer is compelling. Accordingly, the district court did not err in admitting the tape and in permitting display of the transcript.

Despite Sawyer's contentions otherwise, the mandatory consecutive sentences imposed by § 924(c) for Sawyer's weapons charges do not violate the Eighth Amendment. We have already discussed this aspect of Sawyer's Eighth Amendment argument in the context of his co-appellant, Chris Parker. *See United States v. Parker,* 241 F.3d 1114 (9th Cir.2001).

▮ Moreover, that the defendant's § 924(c) liability was predicated on aiding and abetting does not make his sentence unconstitutional. Generally, one who aids and abets is as responsible for the act as if he had committed it directly. *See* 18 U.S.C. § 2 (2000); *United States v. Vasquez–Chan,* 978 F.2d 546, 552 (9th Cir. 1992). Although the Supreme Court has held that the Eighth Amendment does not permit the imposition of the death penalty on a defendant who aids and abets a felony murder, *see Enmund v. Florida,* 458 U.S. 782, 797, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (9th Cir.1982), Sawyer has provided no reason why this principle should be extended beyond the capital context. *See Windham v. Merkle,* 163 F.3d 1092, 1106–07 (9th Cir.1998) (holding that a sentence of 15 years to life for aiding and abetting the killing of another did not constitute cruel and unusual punishment). Therefore, the fact that Sawyer aided and abetted in the bank robberies did not make his sentence "cruel and unusual" under the Eighth Amendment. This is especially true in light of the fact that defendant Sawyer was the "mastermind" who organized the robberies, gave directions to the other accomplices, and provided the weapons.

Sawyer received sentencing enhancements for physical restraint on Counts Two and Four, pursuant to U.S.S.G. § 2B3.1(b)(4)(B). We have discussed the "physical restraint" sentencing issues relevant to this case in the context of co-appellant Parker. *See United States v. Parker,* No. 00–10118. In line with our analysis in that case, we affirm the en-

hancement for Count Two, but hold that the district court erred in applying an upward adjustment for Count Four.

For the above reasons, we AFFIRM Sawyer's conviction, REVERSE the two-level enhancement for physical restraint under U.S.S.G. § 2B3.1(b)(4)(B) with respect to Count Four, and REMAND for resentencing.

AFFIRMED in part; REVERSED in part; and REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.